UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Altair Nanotechnologies Shareholder Derivative Litigation | CASE NO.: 14-CV-09418-AT |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, there is an action pending before this Court styled *In re Altair Nanotechnologies Shareholder Derivative Litigation,* Case No. 1:14-CV-09418-AT (the "Action");

WHEREAS, the Plaintiffs and the Settling Defendants to the Action having applied under Federal Rule of Civil Procedure 23.1(c) for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated July 22, 2016 (the "Stipulation"), which together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the parties and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Parties respectfully request that the Court: (i) approve of the form and content of the Notice of Proposed Settlement of Altair Nanotechnologies Shareholder Derivative Litigation ("Notice"), (ii) approve of the form and content of the Summary Notice of Proposed Settlement of Altair Nanotechnologies Shareholder Derivative Litigation ("Summary Notice"); and (iii) set a hearing date for final approval of the Settlement ("Settlement Hearing");

WHEREAS, the Settlement appears to be the product of serious, informed, arm's-length negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meaning as set forth in the Stipulation (in addition to the capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and Exhibits annexed thereto finds that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, this _____ day of _____, 2016, upon application to the parties, IT IS HEREBY ORDERED as follows:

1. The Court has reviewed the Stipulation and hereby preliminarily approves the proposed Settlement set forth therein, subject to further consideration at the Settlement Hearing.

2. Plaintiffs' Counsel and counsel for the Settling Defendants are authorized to take any action required by the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3. The Court has scheduled a Settlement Hearing which will be held on _____ _____, 2016 (at least 120 days from the date of the entry of this Order), at _____ ___.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 15D, New York, New York 10007, to consider: (i) whether the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Altair and its shareholders and should be approved by the Court; (ii) whether the Proposed Judgment and Order of Dismissal with Prejudice in the form submitted by the Plaintiffs and the Settling Defendants with the Stipulation, dismissing the Action with prejudice, releasing the Released Claims as to the Released Persons, and enjoining the prosecution of any and all Released Claims as against the Released Persons, with each party to bear its, his, or her own costs except as otherwise provided, should be approved by the Court; (iii) whether the agreed-to

Fee and Expense Amount should be approved; (iv) whether the Incentive Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Company's shareholders.

5. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Action and without further notice to the Company's shareholders.

6. The Court approves, as to form and content, the "Notice of Proposed Settlement of Altair Nanotechnologies Shareholder Derivative Litigation" substantially in the form of Exhibit B-1 attached to the Stipulation (the "Notice") and the "Summary Notice of Proposed Settlement of Altair Nanotechnologies Shareholder Derivative Litigation" substantially in the form of Exhibit B-2 attached to the Stipulation (the "Summary Notice"). The Court finds that (1) Altair's publication of the Notice by posting it and making it accessible on Altair's corporate website, together with (2) publication of the Summary Notice once in the national edition of the *Investor's Business Daily* and once on *GlobeNewswire*, meets the requirements of Fed R. Civ. P. 23.1 and due process and constitutes valid, due, reasonable, and sufficient notice of all matters relating to the Settlement.

7. All costs incurred in publishing the Notice shall be paid by the Company (or its insurer on its behalf).

8. No later than fourteen (14) days after entry of this Order (the "Notice Date"), Altair shall make a copy of the Notice and Stipulation accessible on Altair's corporate website;

9. No later than fourteen (14) days after the entry of this Order, the Company shall cause a copy of the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once on *GlobeNewswire*;

10. At least 106 days after the entry of this Order, Altair shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such publication as described in ¶¶ 8-9.

11. All letters, briefs, and documents in support of the final approval of the Settlement, any application for attorneys' fees and expenses, and any application for an incentive payment to Plaintiffs shall be filed and served no later than 90 days after the entry of this Order (the "Applications"). Any responses to any of the Applications shall be filed and served no later than 105 days after entry of this Order.

12. Any current Altair stockholder may enter an appearance in this Action, by filing a notice of appearance with the Clerk of Court at his/her/its own expense, individually or through counsel of his/her/its choice. If he/she/it does not enter an appearance, he/she/it will be represented hereon by Plaintiffs' Counsel.

13. Any Class Member may appear at the Settlement Hearing on _____, 2016, at _____, at the United States District Court for the Southern District of New York, Courtroom 15D, 500 Pearl Street, New York, New York, 10007, and explain if he, she or it has any reason why the proposed Settlement should or should not be entered thereon, why attorneys' fees and expenses should or should not be awarded, or why an incentive payment should or should not be made to Plaintiff(s).

14. Any current Altair shareholder who does not make a written objection in the manner provided in the Notice and/or appear in person or through a representative at the Settlement Hearing shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness or adequacy of the Settlement, to the award of attorneys' fees and expenses to Plaintiffs' Counsel, or to the award of any incentive payments to Plaintiffs unless otherwise ordered by the Court. Written objections shall be made by sending a signed letter stating that the current Altair shareholder objects to the proposed Settlement, and must include in the objection the caption of the Action, the current Altair shareholder's proof of current ownership of shares of the Company, and all the reasons for the objection(s). All objections must be sent to the Court and each of the attorneys listed at the addresses provided below and postmarked no later than 105 days after the entry of this Order:

| | |
|---|---|
| **PLAINTIFFS' COUNSEL:**<br>Stuart J. Guber<br>FARUQI & FARUQI, LLP<br>101 Greenwood Avenue, Suite 600<br>Jenkintown, Pennsylvania 19046 | **SETTLING INDIVIDUAL'S COUNSEL**<br>Jonathan Rotenberg<br>Katten Muchin Rosenman LLP<br>575 Madison Avenue<br>New York, NY 10022 |

Joshua M. Lifshitz
LIFSHITZ & MILLER
821 Franklin Avenue, Suite 209
Garden City, NY 11530

15. Plaintiffs have the option of filing reply papers in support of their motion for final approval of the Settlement. Reply papers shall be filed no later than 112 days after entry of this Order.

16. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and Settlement, are hereby stayed and suspended until further Order of this Court.  Until further Order of the Court, Plaintiffs, the Company, Plaintiffs' Counsel, and all of the Company's shareholders, either directly, representatively, derivatively, or in any other capacity, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or

prosecution of any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Persons.

17. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, a Judgment shall be entered as described in the Stipulation.

18. In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated, fails to become effective in accordance with its terms, or is materially modified on appeal or remand, the Parties shall be restored to their respective positions in the Action as of the date of the Stipulation. In such event, the terms and provisions of the Stipulation, with the exception of paragraphs 6.2, 6.3 and 7.14 therein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated with retroactive legal effect.

19. The following schedule of dates shall govern the resolution of this Settlement:

| Event | Deadline |
|---|---|
| Notice shall be posted on Company's website (along with the Stipulation) | Within 14 days of entry of this Order: _____, 2016 |
| Publication Notice to be published once in the national edition of the *Investor's Business Daily* and once online over the *GlobeNewswire* | Within 14 days of entry of this Order: _____, 2016 |
| Deadline for filing and serving all opening briefs and supporting documents in support of the Applications | Within 90 days of entry of this Order:_____, 2016 |
| Deadline for submitting objections and any response papers in opposition to the Applications | Within 105 days of entry of this Order: _____, 2016 |
| Deadline for submitting Affidavit of Publication | Within 106 days of entry of this Order: _____, 2016 |
| Deadline for filing reply papers in further support of the Applications or in response to objections, if any | Within 112 days of entry of this Order: _____, 2016 |

| Date of Settlement Hearing | 120 days after entry of this Order |
|---|---|

IT IS SO ORDERED.

DATED:_____       _____
                                  THE HONORABLE ANALISA TORRES
                                  UNITED STATES DISTRICT JUDGE