UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/6/17_

In re Altair Nanotechnologies Shareholder
Derivative Litigation

14 Civ. 9418 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 5, 2017, the Court held a fairness hearing on Plaintiffs' motion seeking final approval of the proposed settlement and an award of attorneys' fees and expenses. ECF No. 33. Before granting final approval, the Court must ensure that the settlement "is fair, reasonable and adequate." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982). In connection with this obligation, the Court posed several questions to counsel on the record at the fairness hearing. The questions are below with some modification. By **September 20, 2017**, the parties shall file on the docket their answers.

I. Questions for Plaintiffs and Defendants:

1. How did you arrive at the corporate reforms proposed in the settlement?

   a. Did you retain a corporate governance expert?
   b. Is there an expert's report that can be submitted?

2. Many of the proposed corporate governance reforms are optional—not mandatory. For example, under the proposed settlement, the Altair Board "shall retain an independent consulting service" to analyze internal audits, but only if such action is "recommended by the Audit Committee." ECF No. 30-2.

   a. Was the Altair Board previously authorized to retain an independent consultant on auditing?
   b. For this to be an effective governance reform, would it need to be mandatory?

3. Does Altair oppose the Objector's request that Altair seek re-listing on NASDAQ? If yes, why?

II. <u>Questions for Plaintiffs:</u>

4. Counsel in the related securities fraud action, In re Altair Nanotechnologies Securities Litigation, 14 Civ. 7828, were able to recover a $1.5 million settlement for the class.

    a. Why did you not obtain a monetary settlement?

5. You state that even if you established damages at trial, you would nonetheless face "challenges collecting on a judgment" because the Individual Defendants reside in "China and around the globe," Pl. Mem. 13, ECF No. 34, and because "further litigation could push [Altair] into bankruptcy." Pl. Mem. 9.

    a. What evidence supports your conclusions that (a) you could not recover against the Individual Defendants and that (b) Altair is at risk of bankruptcy.

6. How many beneficial owners are there of Altair's class of common stock?

III. <u>Questions for Objector:</u>

7. You challenge the corporate governance reforms on the ground that they "simply restate Altair's existing duties." Obj. Mem. 1, ECF No. 40. Plaintiffs respond that the settlement requires Altair to have an Audit Committee, which it would otherwise have no obligation to have.

    a. What legal obligation requires Altair to have an Audit Committee?
    b. Is the Audit Committee a substantial benefit of the settlement? If not, why not?

8. You oppose the settlement because its "broad release of claims would forever foreclose any litigant from ever bringing any past, present or *future* claims." Obj. Mem. 2 (emphasis in original). Is there any caselaw that supports your argument that the release is overbroad in the context of a class settlement?

9. You oppose the settlement because it will not address "the directors' lack of independence" or alter Canon's "domination of the Board and Company operations." Obj. Mem. 13. Is there any caselaw that supports your theory that directors selected by a majority shareholder such as Canon cannot be independent?

10. I understand that you do not object to Plaintiffs' attorneys' fee. Is that correct?

SO ORDERED.

Dated: September 6, 2017
New York, New York

ANALISA TORRES
United States District Judge